THE STATE, EX REL. CITY OF MAUMEE, APPELLANT, *v.* CLOUD, AUDITOR OF STATE, APPELLEE.

[Cite as State, ex rel. Maumee, v. Cloud (1972), 32 Ohio St. 2d 137.]

(No. 72-249—Decided December 13, 1972.)

*Mr. Benjamin F. Marsh,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Walter E. Carson,* for appellee.

*Per Curiam.* The parties stipulated that on September 1, 1966, the city of Toledo annexed certain portions of Adams Township in Lucas County, and that immediately following this annexation the government of Adams Township was dissolved. It was stipulated further that there were no residents or resident freeholders in the remaining territory of Adams Township, and that the only road was dedicated but unimproved. Some 17 months later, on February 7, 1968, the remaining territory of Adams Township was annexed to the city of Maumee.

Furthermore, during this intervening period there were no residents and no governing officials in the territory. Nor, apparently, was any action taken to appoint a trustee to act in lieu of such officials.

Without any knowledge that such conditions existed, appellee allocated $13,600 from gasoline tax revenues to Adams Township for the period September 1966 through December 1967 for road construction and repair. This is the sum now claimed by appellant.

The single question is: When did Adams Township cease to exist as a township *for the purpose* of being eligible to receive gasoline excise tax funds distributable to townships under R. C. 5735.27(D)?

The stipulation states further, in part:

". . . If Adams Township ceased to be a township *for such purpose* on or about September 1, 1966, then [appellant] is not entitled to said sum of $13,600. If Adams Township continued to exist as a township until its remaining territory was annexed by the city of Maumee *for such purpose* of entitlement to receive gasoline excise tax distributions, then [appellant] is entitled to said sum of $13,600." (Emphasis supplied.)

R. C. 5735.27, in pertinent part, provides as follows:

"When appropriated by the General Assembly the highway construction fund shall be appropriated and expended in the following manner:

". . .

"(D) Seventeen and one-half per cent of said highway construction fund shall be appropriated for and divided in equal proportions among the townships within the state, and shall be paid on vouchers and warrants drawn by the auditor of state to the county treasurer of each county for the total amount payable to the townships within each of the counties. Upon receipt of said vouchers and warrants, each treasurer shall pay to each township within the county its equal proportional share of said funds, *which shall be expended by each township for the sole purpose of planning, constructing, maintaining, widening and reconstructing the public roads and highways within such township*, and paying costs apportioned to the township under Section 4907.47 of the Revised Code." (Emphasis supplied.)

We conclude that the purpose envisioned by R. C.

5735.27(D) requires the existence within each township of trustees, either *de jure* or *de facto*, to receive the funds allocated and to be in a position to use those funds for public road purposes. Such activity is impossible without a functioning government. There admittedly being no such township officials, Adams Township is deemed to have ceased to exist "for such purpose" on September 1, 1966. The claim of appellant is therefore without merit.

Appellant argues that the term "township" is commonly used to identify a geographic area, and that this meaning is contemplated by the statute even in the absence of an active government for or within a township. The clear purpose of R. C. 5735.27(D) eliminates such construction in this case.

The judgment of the Court of Appeals denying the writ of mandamus is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.

BROWN, J., dissents.